May Term,
1841.

ROBIDEAU
v.
EWING.

ROBIDEAU *v.* EWING and Another.

A judgment of a justice of the peace is set aside, by his granting a new trial in the cause within the time allowed by law for the purpose.

A *scire facias* on a justice's transcript, &c., by alleging that after the granting of a new trial, the former judgment, which was against the defendant for a certain sum, was confirmed, must be understood to mean that a judgment was rendered against the defendant, on the new trial, for the same amount with the first judgment.

*Friday,*
*May* 28.

ERROR to the *Allen* Circuit Court.

BLACKFORD, J. — *Scire facias* against *Robideau* to show cause why execution should not issue, &c. The *scire facias* states that the plaintiffs, on the 8th of *January*, 1831, recovered judgment in an action of assumpsit before a justice of the peace, against the defendant for 78 dollars and 70 cents; that an execution on the judgment issued on the same day; and that the plaintiffs also, on that day, obtained a transcript of the judgment. On the 11th of *January*, 1831, the constable returned the execution, no property found, and, on the next day, the plaintiffs delivered the transcript of the judgment to the clerk of the Circuit Court, who filed the same; that, afterwards, the justice granted to the defendant a new trial, and set the cause for trial on the 29th of *January*, 1831; that on the day last-named, the cause was continued until the 5th of *February* following, when the former judgment was confirmed by the justice; that the judgments are still in force, &c. General demurrer to the *scire facias* and judgment for the plaintiffs.

We think this demurrer should have been sustained. After the plaintiffs had filed the transcript in the clerk's office, the justice granted a new trial. The *scire facias* does not state the day on which the new trial was granted, but we must presume, the contrary not appearing, that it was granted within the time allowed by law for the purpose. By the granting of the new trial, the original judgment was set aside. The *scire facias* states, that after the granting of the new trial, the cause was continued to a subsequent day, and on that day the former judgment was confirmed. We understand this to mean, that a judgment was rendered against the defendant, on the new trial, for the same amount with the first judgment.

It does not appear that any execution issued on the second judgment, or that a transcript of that judgment was taken from the justice, and recorded by the clerk of the Circuit Court, or filed in his office.

May Term, 1841.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. H. Colerick* and *W. H. Coombs*, for the plaintiff.
*H. Cooper*, for the defendants.