*W. M. Franklin*, for appellant.

*S. H. Buskirk, J. R. Isenhour*, and *J. W. Baker*, for appellees.

---

## RICKETS and Another *v.* HITCHENS and Another.

JUDGMENT.—*Effect of Granting New Trial.—Injunction.*—The granting, unconditionally, of a new trial in a cause as effectually vacates a judgment previously rendered therein as if the judgment were set aside in express terms; and an injunction will lie to prevent the collection of such judgment.

APPEAL from the Switzerland Circuit Court.

WORDEN, J.—Complaint by the appellants against the appellees, to restrain the service of a certain writ of *venditioni exponas*, issued upon a judgment alleged to have been set aside and vacated. The complaint was held bad on demurrer, and judgment rendered for the defendants. Exception.

The facts appearing from the complaint are, briefly, these. At the November term, 1862, of the Switzerland Circuit Court, Hitchens, one of the appellees, recovered a verdict and judgment in that court, against the appellants, Rickets and Sturgeon, for the sum of five hundred dollars. A part of their judgment was afterwards assigned to the appellee Dumont.

On the 11th of December, of the same year, the appellants filed their complaint, in the same court, against the appellees herein, to set aside said judgment and obtain a new trial of

the cause wherein it was rendered. A demurrer was subsequently sustained to the complaint, and judgment rendered for the defendants therein. This judgment was afterwards reversed by this court, and the cause remanded, &c. The case is reported in 22 Ind. 107. After the opinion and judgment of this court was sent down, the original cause was docketed, and the opinion of this court was spread upon the order book of the court below; then follows this entry, viz.: "It is therefore considered by the court that a new trial of this cause be granted." This entry could have had reference to no other case. Afterwards, the parties to the original cause appeared, and by agreement it was continued; and still later the plaintiff in the original cause procured an attachment for witnesses therein. Subsequently, the parties appeared in the original cause, and on the defendants' motion, it was dismissed for want of a sufficient cause of action; and still later a motion by the plaintiff therein to set aside the order dismissing said action was overruled.

The execution sought to be enjoined was issued on the five-hundred-dollars judgment above mentioned, and it is averred that the sheriff has advertised for sale thereon the property of one of the appellants, and will sell the same unless restrained. Prayer, that the sale be enjoined, and that the appellees be restrained from enforcing said judgment, and for other relief.

We are not advised upon what ground the court below held the complaint bad, there being no brief for the appellees in the case. We do not discover any defect in the complaint, and are of opinion that the judgment below is erroneous and will have to be reversed.

If the proposition be assumed, that the order by which a new trial was granted in the cause did not operate to set aside the judgment, we cannot assent to it.

The granting, unconditionally, of a new trial in a cause, as effectually vacates a judgment previously rendered therein as if the judgment were set aside in express terms. This is so self-evident a proposition that authorities in its support

are unnecessary.   We cite, however, as in point, the case of *Robideau* v. *Ewing*, 5 Blackf. 552.

When the opinion of this court holding the complaint for a new trial to be good went down to the court below and was spread upon the order book, an issue of fact might have been made, and proof required of the matters stated in the complaint as grounds for a new trial.   This, however, was not done, but the order was at once made granting the new trial, as above shown.   This order was not only not objected to, but was acquiesced in by the parties, who subsequently appeared and took steps in the cause as one pending.

The judgment having been thus, in effect, set aside, it became wholly inoperative, and no execution could be properly issued upon it.

We are also of opinion that a proceeding to enjoin the collection of the judgment was a proper remedy.   *Collins* v. *Fraiser*, 27 Ind. 477.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

DOWNEY, J., having been of counsel in the cause, was absent when it was considered.

*A. C. Downey* and *S. R. Downey*, for appellants.

*J. W. Gordon*, for appellees.