Filed Jan. 18, 1888.

---

No. 13,905.

## COX, ADMINISTRATOR, *v.* BAKER ET AL.

DECEDENTS' ESTATES.—*Services of Administrator.*—*Master's Report.*—*Exceptions to.*—*Practice.*—The refusal of the trial court, upon exceptions to the report of a master commissioner, to require the latter to report the services rendered by an administrator, will not warrant a reversal of the judgment.

NEW TRIAL.—*Entry of Judgment Prior to Motion.*—A court is not bound to withhold judgment until a motion for a new trial is made, nor does the entry of the judgment deprive the party of a right to thereafter file such motion.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.
*J. H. Willard* and *N. Crooke*, for appellees.

ELLIOTT, J.—The appellant filed his final report as the administrator of the estate of Lewis J. Baker, deceased. Exceptions were filed to the report by the heirs of the decedent, and the court ordered that the report be referred to a master commissioner, with instructions "to examine the report in the usual way; also, especially to examine into the amount claimed by the administrator as an allowance for his services, and to report what said services are, and the items." The master filed a report. The appellant addressed several exceptions to the report of the master, but, in the brief of his counsel, one only is discussed.

It is contended that the appellant is entitled to a reversal, because the court did not sustain the exception to the master's report which questioned its sufficiency on the ground that it did not state what the services of the administrator were, for which he claimed an allowance.

We do not regard this as a sufficient reason for a reversal. The court had sole control over the matter of the appellant's allowance, and nothing that the master could have done could interfere with this discretionary power. If the court deemed it necessary to ask for information on the subject, it had a right to do so; but, on the other hand, if it deemed it expedient to dispense with information from the master on that subject, it had a right to relieve him from the duty of reporting what the services were. What we hold is, that there was no available error in overruling the exception, for we can not say that any harm resulted to the appellant. If he were here complaining of the amount of his allowance, or of the refusal to make him an allowance, a different question would be presented; but that is not the case before us. All that the argument of counsel claims is, that there was an error in the ruling on the exception, and that is the only question the record presents on this branch of the appeal. It can

not be affirmed on this single ruling that any material injury was done the appellant. Possibly a question might be presented as to the amount of an allowance, but, as the record comes before us, that is not the question presented. The question here is, will the refusal of the court to require a master commissioner to report the services rendered by an administrator warrant a reversal?

The order approving the report of the master commissioner was made on the last day of the June term, 1887, and the appellant asked time until the first day of the next term of the court to file a motion for a new trial. Waiving the decision of the question as to whether such a motion was appropriate, and conceding, but not deciding, that the appellant was entitled to demand time until the first day of the then succeeding term in which to file his motion, we decide that there is no available error in the ruling of the court. If he had a right to file such a motion, and to then file it, the ruling of the court did not wrongfully prejudice him. The court had authority to enter judgment, and was not bound to delay until the motion for a new trial was filed. It is not, in any case, the compulsory duty of a court to withhold judgment until a motion for a new trial is filed, nor does the entry of the judgment deprive the party of a right to file it. *Beals* v. *Beals*, 20 Ind. 163; *Hinkle* v. *Margerum*, 50 Ind. 240.

Judgment affirmed, at the costs of the appellant in his individual capacity, and not in his capacity as administrator.

Filed Dec. 30, 1887.