LOGAN *v.* SULT ET AL.

[No. 18,590. Filed April 18, 1899,]

JUDGMENT.—*Motion for New Trial.*—*When Does Not Operate as Stay of Execution.*—A motion for a new trial filed after entry of judgment, and within the time allowed by law, does not operate as a stay of execution on the judgment.

From the Marshall Circuit Court. *Affirmed.*

*Harley A. Logan,* for appellant. ;

*William B. Hess,* for appellees.

DOWLING, J.—The appellant brought suit against the appellees to enjoin them from removing a frame dwelling house from certain lots in the city of Plymouth, purchased by appellant at a judicial sale, and claimed by him under a certificate of purchase. The complaint was in four para-

graphs, and to the fourth a demurrer was sustained.    The
only error assigned and insisted upon by appellant is the
ruling of the court upon this demurrer.

The material parts of the fourth paragraph are as fol-
lows:    On the 23rd day of March, 1895, one Philip Heyde
was, and ever since has been, the owner of lots numbered
seventy-nine (79) and eighty-three (83) in Corbin's addition,
etc., to the city of Plymouth, in Marshall county, Indiana;
that on said day said Heyde executed and delivered to one
Corbin a mortgage for the purchase money of said lots, and
that afterwards, Corbin sold and transferred said mortgage
to appellant; that Heyde had erected a dwelling house of the
value of $300 on these lots, which was at the time of the
purchase of said mortgage a part of the said real estate; that
afterwards, on the 17th day of April, 1897, in a foreclosure
proceeding brought by the appellees, a judgment was ren-
dered giving to the appellees the right to remove the dwelling
house so erected by said Heyde, within ninety days after a
sale thereof by the sheriff, as lands are sold on execution; that
appellant was a party defendant to the said suit, and that
*after the rendition of the judgment,* but within the time pre-
scribed by law, he filed his motion for a new trial of said
cause, and that the said motion has not been ruled upon, or
otherwise disposed of, in said court, but is yet pending there-
in; that after the rendition of the judgment aforesaid, and
while appellant's motion for a new trial was still pending,
appellees caused an order of sale to be issued upon said judg-
ment, and that on the 6th day of September, 1897, at a sale
by the sheriff of said Marshall county, by virtue of said judg-
ment and order of sale, the said frame dwelling house was bid
off by appellees, and is claimed by them as such purchasers;
that neither of said appellees has any claim against said real
estate or said dwelling house, or any interest therein, except
such claim and interest as were derived through said sheriff's
sale; that appellees are threatening to, and, unless restrained
and enjoined by the court, will remove said frame dwelling

house from the land on which it is so situated; that the re-
moval of said dwelling house will be a great and irreparable
injury to said real estate, and to appellant's security, and that
the mortgagor, Heyde, is wholly insolvent; that appellant's
mortgage claim was on the 17th day of April, 1897, reduced
to judgment in the Marshall Circuit Court, and that he holds
a sheriff's certificate of purchase of said real estate, including
said dwelling house; that no part of said mortgage debt has
been paid to appellant, and that there is due to him, on his
said certificate of purchase $48.60, with interest from
September 6, 1897; that if said dwelling house is removed
from said lots, said real estate will be insufficient to secure
appellant's claim. Prayer for an order enjoining and re-
straining appellees from interfering with said real estate, or
removing or attempting to remove said dwelling house.

In addition to the facts stated in the foregoing para-
graph of complaint, it is admitted in the brief filed by appel-
lant that the appellees furnished the materials used by Heyde
in the construction of the said dwelling house, and that the
action referred to in the foregoing paragraph was a suit
brought by appellees to enforce their lien against said dwell-
ing house for the materials so furnished.

Appellees file their motion to dismiss this appeal upon
the ground that appellant has no such interest in the contro-
versy as entitles him to an appeal, and this motion is
supported by affidavit. The facts relied upon to sustain the
motion are that the appellant, before bringing this suit in the
court below, had bid in the undivided two-thirds of lots num-
bers seventy-nine and eighty-three for the full amount of his
judgment; that he had received a certificate of purchase
therefor, and that the order of sale as to him had been re-
turned fully satisfied.

Whatever weight these facts might have by way of a
defense to the suit brought by appellant for an injunction, it
is clear that they furnish no ground for the dismissal of this
appeal. It is sufficient to say that the appellant brought

suit to obtain an injunction; that he was defeated in that suit, and that a judgment was rendered against him on the merits, and for costs.   From such a judgment,` he has an unquestionable right to appeal.   Section 644 Burns 1894.

We proceed now to the examination of the sufficiency of the fourth paragraph of the complaint.

The question for decision is, can an execution or order of sale be issued and enforced, pursuant to a judgment, while a motion for a new trial, filed after the rendition of the judgment, but within the time allowed by the statute, is pending and undisposed of?

At common law a motion for a new trial was required to be made within four days, *exclusive*, after the entry of a rule for judgment; and, if not made within that time, the party complaining could not afterwards be heard on the subject of a new trial.   Tidd's Pr. 820. Blacks. Com. Book III, 387-397.

By statute adopted in this State in 1852, section 354 R. S. 1852, p. 119, and reenacted and continued in force September 19, 1881, it is provided that the application for a new trial may be made at any time *during the term* at which the verdict or decision is rendered.   Section 570 Burns 1894.

A construction was given to this statute in *Beals* v. *Beals*, 20 Ind. 163, where it was held that the motion for a new trial might be made even after judgment.   This ruling has been followed in several cases.   *Hinkle* v. *Margerum*, 50 Ind. 240; *Cox, Adm.*, v. *Baker,* 113 Ind. 62; *Colchen* v. *Ninde*, 120 Ind. 88.

In regard to the enforcement of judgments, the statute provides that any party in whose favor judgment has been rendered may at any time within ten years after the entry thereof proceed to enforce the same.   Section 686 Burns 1894.

An execution may be issued upon a judgment as soon as the record in the case is read in open court and signed by the

Logan *v.* Sult.

judge. Section 1382 Burns 1894. *Willson* v. *Binford, Adm.*, 54 Ind. 569; *Jones* v. *Carnahan*, 63 Ind. 229; *Carpenter* v. *Vanscoten*, 20 Ind. 50.

While the statute authorizes the filing of a motion for a new trial after the entry of judgment, it does not provide for any stay of execution upon the judgment as a consequence of such proceeding. It cannot be maintained that the mere filing of the motion has that effect. We can perceive no reason why it should. If a party to an action fails or neglects to file a motion for a new trial before judgment, he must take the consequences of such delay. Under a similar statute, the supreme court of Illinois held, in *Parr* v. *Van Horne*, 40 Ill. 122, that a motion for a new trial made after judgment would not operate in any way to suspend the judgment, or impair its force or conclusiveness.

The views here expressed are not inconsistent with the decisions of this court in *New York, etc., R. Co.* v. *Doane*, 105 Ind. 92, and *Colchen* v. *Ninde*, 120 Ind. 88. While a motion for a new trial is undisposed of, there can be no final judgment *within the meaning of the statute regulating appeals.* But, for all purposes other than the right of appeal, the judgment, as soon as entered, read, and signed in open court, is final, and may be enforced by appropriate writ according to its terms.

When it is said in the books that at common law a motion for a new trial suspends the judgment and its effects until the motion is disposed of, the filing of a motion before judgment is referred to. When the motion is filed before judgment, the rendition and entry of the judgment are thereby suspended. It is not said that such a motion after judgment operates to stay execution. The judgment is affirmed.