WHINERY, EXECUTRIX *v.* KOZACIK ET AL.

[No. 27,284. Filed October 11, 1939. Rehearing denied November 28, 1939.]

*Carl A. Huebner,* for appellant.

*Crumpacker & Freidrich,* and *Tinkham & Tinkham,* for appellees.

ROLL, J.—William J. Whinery, in his lifetime, brought this action against appellee Kozacik to recover for professional services rendered said appellee at his special instance and request. Upon the death of William J. Whinery, appellant was substituted as plaintiff. The action was filed in the Lake Superior Court, but was later venued to the Porter Circuit Court. By leave of court, appellant filed a supplemental complaint, which was answered by a general denial. There was a trial which resulted in judgment for appellant for $843.27. Judgment for that amount was entered on November 22, 1934. On December 21, 1934, appellee filed his motion for a new trial, alleging twenty-one reasons therefor. The record up to this point shows the proceedings to be regular and of the usual character. But following this, the record discloses a most unusual and strange proceeding. On April 5, 1935, appellee filed what he called, "an affidavit in support of his motion for a new trial, setting forth the discovery of new

matter after the expiration of the term." In this affidavit, he stated the fact that on the ———— day of December, 1934, the Porter County Court House was destroyed by fire, and in the conflagration the court reporter's notes were destroyed, and, therefore, the defendant's testimony was not available in presenting his motion for a new trial, or, on appeal, in the event the court denied a new trial. The record discloses that by stipulation, the parties agreed that appellee's affidavit supporting his motion for a new trial "shall operate and be considered as a complaint for cause for new trial discovered after term," and be consolidated with appellee's motion for a new trial. Appellant answered this complaint by general denial. There was a trial of the issue thus formed, and the court sustained appellee's motion for a new trial, "on the grounds set forth in defendant's affidavit in support of his motion for a new trial, * * * and defendant's motion for a trial is denied as to each of the twenty-one specifications contained therein * * *." From this order granting appellee's motion for a new trial, an appeal was taken to the appellate court. (See *Whinery* v. *Kozacik* (1937), 104 Ind. App. 349, 11 N. E. (2d) 86.) The above procedure is not material to the question here presented. The fact that a motion for a new trial was filed and sustained is all that is important.

On April 5, 1935, after appellee had filed his motion for a new trial, and before the court had ruled thereon, appellant filed an affidavit in garnishment against appellees, Kleiheg and The Hammond Theatrical Company. In the affidavit in garnishment, appellant alleged that appellant had obtained a judgment against the defendant Kozacik for $843.27 on the 22d day of November, 1934, for services rendered and due the estate, and that the defendant now is a non-resident of the State of

Indiana; that William Kleiheg and The Hammond
Theatrical Company, both of Lake County, Indiana,
have property of the defendant Kozacik in the sum of
$27,000.00 by reason of a judgment obtained by the
said Kozacik against them in the LaPorte Circuit Court
of Indiana. Summons was asked and granted against
the defendants to answer in garnishment. The proper
bond was filed by appellant and the two above appellees
were duly served with process to appear and answer
the affidavit filed by appellant.

On September 9, 1937, the defendants Kleiheg and
The Hammond Theatrical Company by counsel appeared,
and filed a motion to dismiss the garnishee proceedings
for the reason that the affidavit in garnishment filed
herein was based upon a judgment obtained against
the defendant Kozacik on November 22, 1934; that said
defendant filed his motion for a new trial on December
21, 1934, and that said motion was sustained on Sep-
tember 13, 1935, and a new trial ordered; that by virtue
of the granting of said motion, the basis and the ground
for the affidavit of the plaintiff, to-wit: said judgment,
had been obliterated, and, therefore, the affidavit for
attachment and garnishment should be dismissed.

On September 22, 1937, the defendant Kozacik filed
a motion to quash the proceedings in attachment. The
reasons urged were: (1) that the affidavit in garnish-
ment is based upon the alleged fact that the defendant,
Kozacik, is a non-resident of the State of Indiana, and
it is not alleged that he was a non-resident at the time
the original action was filed, that his subsequent becom-
ing a non-resident, even if true, would not constitute
grounds for garnishment; (2) that the record shows
that at the time the affidavit in garnishment was filed,
judgment had been entered in favor of plaintiff, and
urged that it was then too late to commence proceed-

ings in garnishment; (3) that the record shows that the debt sought to be garnished was a judgment of the LaPorte Circuit Court, and, for that reason, the Porter Circuit Court was destitute of power or jurisdiction to affect the judgment of another court; (4) that when the court granted a new trial, thereby vacating the judgment upon which the attempted garnishment was based, the facts alleged in the affidavit, to-wit: that plaintiff had obtained a judgment against the defendant, Kozacik, became an erroneous and false statement of fact, and that the record so disclosed, and therefore there was no basis for the garnishment.

By agreement of the parties this cause was on September 22, 1937, transferred to the Porter Superior Court. Appellees' motion to quash and dismiss the proceeding in garnishment was sustained, to which ruling plaintiff excepted and perfected this appeal. The only question presented by this appeal is the correctness of the court's ruling in quashing the garnishment proceedings.

The record discloses that appellant obtained a judgment against appellee, Kozacik, for the sum of $843.27 on November 22, 1934.

On December 21, 1934, appellee filed his motion for a new trial, and on April 5, 1935, and while the motion for a new trial was still pending undisposed of, appellant commenced the garnishment proceedings by filing his affidavit and bond as provided by section 3-522 Burns' St. 1933.

There can be no serious question but that the judgment entered November 22, 1934, mentioned above, is a final judgment. This question seems to have been very definitely settled in the case of *Logan* v. *Sult*, 152 Ind. 434, 53 N. E. 456. It was there stated:

"* * * The question for discussion is, can an execution or order of sale be issued and enforced, pursuant to a judgment, while a motion for a new trial, filed after the rendition of the judgment, but within the time allowed by the statute, is pending and undisposed of?"

In deciding this question this court said:

"* * * While the statute authorizes the filing of a motion for a new trial after the entry of judgment, it does not provide for any stay of execution upon the judgment as a consequence of such proceeding. It cannot be maintained that the mere filing of the motion has that effect. We can perceive no reason why it should. * * *"

The Court said that the only exception to the rule was in regard to appeal:

"* * * While a motion for a new trial is undisposed of, there can be no final judgment, within the meaning of the statute regulating appeals. *But, for all purposes other than the right of appeal, the judgment, as soon as entered, read, and signed in open court, is final, and may be enforced by appropriate writ according to its terms.* When it is said in the books that at common law a motion for a new trial suspends the judgment and its effects until the motion is disposed of, the filing of a motion before judgment is referred to. * * *"

We fully agree with the above statement of the law. Section 3-522 Burns' St. 1933 provides:

"In all personal actions arising upon contract, express or implied, or upon a judgment or decree of any court, if at the time such action is commenced or at any time afterwards, * * *"

Appellant's original action was a personal action arising upon contract, and she might have filed her affidavit in garnishment at that time, or at any time thereafter before final judgment. After judgment, if she desired to avail herself of the

remedy offered by the above mentioned statute, she should have begun an action based upon the judgment thus obtained. In the latter action she would have found authority therefor in the second classification of the above statute. She sought to avail herself by attachment, making the judgment obtained as the basis of her proceedings without commencing an action on the judgment.

It was held, and we think rightfully so, in the case of *Boyer et al.* v. *Meeks* (1929), 88 Ind. App. 450:

"* * * An attachment is not an original action. It is a proceeding auxiliary, or incidental, to the main action, and is intended to secure the payment of any judgment that may be recovered therein. *Hoffman* v. *Henderson* (1896), 145 Ind. 613, 622, 44 N. E. 629; *Cunningham* v. *Jacobs* (1889), 120 Ind. 306, 22 N. E. 335; *Lowry* v. *McGee* (1881), 75 Ind. 508; *State, ex rel.,* v. *Miller* (1878), 63 Ind. 475. Under § 981, 'The plaintiff, at the time of filing his complaint, or at any time afterward, may have an attachment against the property of the defendant.' This means that the attachment may be had at the time of filing the complaint or at any time thereafter before judgment in the action to which it is auxiliary. No attachment can issue after judgment in the main action."

Appellant's claim for services as set out in the contract was merged in the judgment obtained. *Ward* v. *Haggard* (1881), 75 Ind. 381; *Gould* v. *Hayden* (1878), 63 Ind. 443; *Ault* v. *Zihering* (1871), 38 Ind. 429. Until the judgment in favor of appellant remained undisturbed by the court's ruling on appellee's motion for a new trial, appellant did not have "a personal action arising upon contract," pending within the meaning of the attachment statute.

When appellee's motion for a new trial was sustained, the judgment was vacated. *Rickets* v. *Hitchers* (1870), 34 Ind. 348.

After the judgment herein was vacated by the action of the court in granting appellee's motion for a new trial, then appellant did have, "a personal action arising upon contract pending, such as would support a proceeding in garnishment, but not one based upon a judgment. The affidavit in garnishment in this case was based upon a judgment, not upon an action upon a judgment. In any event, where the court vacated the judgment which formed the basis of appellant's affidavit in garnishment, it removed all grounds for garnishment proceedings based upon such judgment.

In view of the conclusions above stated, we find no reason for discussing other questions presented by appellant's brief.

Finding no reversible error, judgment affirmed.