CRESCENT CITY AVIATION V. BEVERLY BANK OF CHICAGO.

[No. 20,343. Filed September 6, 1966. Rehearing denied September 30, 1966. Transfer denied December 6, 1966.]

*Joseph B. Minor,* of Evansville, for appellant.

*John L. Carroll* and *Edwin W. Johnson,* of Evansville, for appellee. *Johnson and Carroll,* of counsel, of Evansville.

WICKENS, P.J.—Appellant, Crescent City Aviation, Inc. of Evansville, was in the business of buying, selling and repairing aircraft. Appellee, Beverly Bank (of Chicago) specialized in buying aircraft financing paper. Crescent City sold a certain airplane to one Vinco Corporation under a retail installment contract whereby title was retained by the seller until the full purchase price was paid. Crescent City immediately thereafter sold the installment sale contract including the title to the plane to Beverly Bank.

Within three months after the sale to Vinco, Crescent City at the request of Vinco removed one of the two engines from the plane and installed a new remanufactured engine. On subsequent dates Crescent City also, at the request of Vinco performed services and furnished material and personnel in connection with the maintenance and operation of the plane.

Crescent City's account for these matters was unpaid and it filed a notice of mechanic's lien with the recorder of Vanderburgh County, Indiana. Vinco Corporation subsequently defaulted on the conditional sale contract owing at default $49,037.52. The installment sale contract signed by Crescent City as seller and by Vinco as purchaser and showing the assignment to Beverly Bank was promptly filed for record by the latter with the Federal Aviation Agency under a Federal statute hereafter referred to. No documents relating to the lien were recorded with the Federal Aviation Agency.

Appellant, Crescent City, brought suit to foreclose its claimed mechanic's lien and appellee, Beverly Bank, counter-claimed to replevy the plane which was being held by appellant.

The matter was tried without a jury and the trial court entered special findings of fact and conclusions of law holding that Beverly Bank was entitled to immediate replevin of the plane and that appellant had no valid lien against Beverly Bank's interest in the plane. As against Vinco the court awarded appellant judgment in full and to that extent the judgment is final.

Appellant raises questions about its lack of knowledge as to the true ownership of the plane, about the urgent need for the new engine and the work which was performed, and about a cognovit feature of appellee's retail installment contract. In addition appellant asserts that by reason of its continued possession of the plane it has a common law lien.

All of these questions were settled adverse to appellant by the trial court's findings and conclusions. One of the conclusions of law was to the effect that Beverly Bank had not consented expressly or impliedly in the work being done on the plane, having no knowledge of such work. The conclusions further stated that the only way an aircraft may be transferred and by which liens upon aircraft may be duly recorded was the means provided by Congress of the United States which jurisdiction is now under the Federal Aviation Act.

Thus the paramount question here is whether a mechanic's lien is valid against the interests in aircraft of a conditional vendor where he has recorded his title documents with the Administrator of the Federal Aviation Act and the party claiming the lien has not so recorded his notice thereof.

In 1958 Congress of the United States enacted the Federal Aviation Act providing among other things for the recording

of instruments affecting the title to aircraft. 49 U. S. C. A., §§ 1401-1405.

The 1958 provision repealed and superseded but was almost identical to provisions of the Civil Aeronautics Act of 1938 relating to such recording. 49 U. S. C. A., §§ 401-403.

It is provided in the Federal Aviation Act that the Administrator of the Federal Aviation Agency shall establish and maintain a system for the recording of all conveyances which affect the title to, or *any interest in* civil aircraft of the United States. 49 U. S. C. A., § 1403.

"Conveyance" as the word is used above is defined in 49 U. S. C. A., § 1301 (17) as an ". . . instrument affecting title to, or interest in, property."

It is made plain in this Act that Congress ordained that no instrument affecting title to aircraft would be valid against innocent third persons "until such conveyance or other instrument is filed for recordation in the office of the Administrator. . . ." 49 U. S. C. A., § 1403 (c).

Under the Supremacy Clause of the Constitution of the United States, Art. 6, cl. 2, where the Congress, in a proper sphere of law, enacts legislation, the Federal law becomes superior to that of the state. *Free* v. *Bland* (1962), 369 U. S. 663, 8 L. Ed. 2d 180, 183, 82 S. Ct. 1089.

In the province of aviation, by the enactment of the Federal Aviation Act, Congress has provided the only way aircraft may be transferred and the only way in which liens upon aircraft may be duly recorded. It has been held by the Texas Courts, among the decisions of various states on this subject, that a Texas constitutional lien is void as to third parties without actual notice unless duly recorded under the Federal Act. *In re Veterans' Air Express Co.,* 76 F. Supp. 684, 686 (D. N. J. 1948) ; *Continental Radio Co. Inc.* v. *Continental Bank & Trust Co.,* 369 S. W. 2d 359, 362 (Tex. Civ. App. 1963).

Indiana through its General Assembly recognized that aircraft registration is a question for Federal legislation and that the field has been preempted by Congress. An ■ Indiana aircraft registration and certificate of title act, Acts 1955, ch. 164, §§ 1-6 (§§ 14-1001 et seq., Burns' 1964 Replacement) was completely repealed by Acts 1965, ch. 77, § 1.

The said Federal Aviation Act contains two provisions of particular interest.

> "Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies. 49 U. S. C. A., § 1506;

and

> ". . . The validity of any instrument the recording of which is provided for by section 1403 of this title shall be governed by the laws of the State . . . in which such instrument is delivered. . . ." 49 U. S. C. A., § 1406 (Supp. V. 1964).[1]

Reading together the provisions of the Federal Aviation Act we are of the opinion that any lien affecting aircraft will not be effective against the property of third persons ■ without knowledge unless and until the lien is recorded with the Administrator of the Federal Aviation Agency. The validity of the lien or of any conveyance within the purview of the FAA is a question to be determined by applying the law of the jurisdiction where the instrument is delivered. But there is no question of validity or for construction of the instrument that can be determined until the lien is filed under the Federal Act.

---

1. Section 1406 was added in 1964 ". . . to resolve the issue as to which jurisdiction's laws should apply in determining such an instrument's validity, it is arguable that the law of one of three of the following jurisdictions is applicable: The jurisdiction in which the property is located; the jurisdiction in which the parties reside; or the jurisdiction in which the instrument was executed and delivered." 2 U. S. Cong. & Adm. News 1964, p. 2320.

We find this interpretation quite consistent with the wording of Section 1506, *supra,* that the remedies now existing at common law or by statute are not abridged. The remedies are available to those who give notice by filing with the Administrator. A remedy might have been available here if there had been a question of fact as to whether appellee had knowledge of the work claimed by appellant. Such filing becomes in essence a condition precedent to invoking the statutory or common law lien in cases such as is presented here.

Because the statutory lien claimed by appellant was not recorded in accordance with the Federal Aviation Act it can be given no effect. By the same token any state common law lien yields to the Federal requirement. It might also be pointed out that the only lien in issue by appellant's complaint and the answer thereto is a statutory lien. No facts were alleged to show the creation of a common law lien and appellant's first contention that it was entitled to claim a common law lien was made on appeal. It is axiomatic that questions canot be raised for the first time on appeal. 1 I. L. E., Appeals, § 71, p. 577.

Appellant's motion for new trial contained 16 specifications. The first five of these relate to the decision, findings of fact and conclusions of law not being sustained by sufficient evidence or being contrary to law. Our holding that appellant has no lien against the interest of appellee because of failure to comply with the Federal Aviation Act, sustains the trial court's ruling in respect to these points of the motion. Additionally, the motion raises 10 questions of rulings on admissibility of evidence at the trial. Under our holdings here these do not and could not constitute reversible error.

The final error charged in the motion concerns the action of the trial court "by which plaintiff was prevented from retaining possession of said airplane until said plaintiff had an opportunity to file a motion for a new trial and the court had ruled on said motion for a new trial."

On the last point appellant contends that the judgment of the trial court ordering possession of the aircraft delivered to defendant-appellee should have been stayed pending motion for new trial. We do not agree. The cause of action on the counter-claim was replevin under Acts 1881 (Spec. Sess.) ch. 38, § 164, p. 240, § 3-2701, Burns' 1946 Replacement. The issue tried by the court is the right to *immediate possession.*

The trial court found appellee-bank was the owner of the aircraft in question and was entitled to its immediate possession. It is within the power of the prevailing party in replevin, and in other proceedings, to have execution of the judgment immediately after the entry of judgment is signed. *Jones* v. *Carnahan* (1878), 63 Ind. 229, 234.

The fact that a motion for new trial has been filed does not postpone the right to immediate issuance of execution. *Logan* v. *Sult* (1899), 152 Ind. 434, 437, 438, 53 N. E. 456; *Whinery, Executrix* v. *Kozacik* (1939), 216 Ind. 136, 141, 22 N. E. 2d 829.

Here the motion for new trial had not yet been filed. Of course, if the motion would not prevent immediate operation of the judgment, the failure to file a motion certainly would not. Nor does appellant claim to have filed, or tendered for filing, a bond to stay proceedings. Such proceedings as execution in replevin, for obvious reasons, are intended to operate immediately.

Hence the replevin statute provides:

"If such trial be determined against such defendant, and he will not forthwith surrender, for the benefit of the plaintiff, the property mentioned in such affidavit found to have been concealed, removed, transferred or withheld by him, or pay the value thereof into court, an execution shall issue forthwith against his body, and he be arrested and committed to the prison of the county, there to be confined until duly discharged according to law." Acts 1881 (Spec. Sess.) ch. 38, § 170, p. 240, § 3-2713, Burns' 1946 Replacement.

Appellant also asserted that the retail installment sale contract held by appellee was void because it contained a provision for confession of judgment. This question may not have been presented to the trial court by the motion for new trial. However, it is our understanding that such provisions as may permit confession of judgment in other states do not unalterably void an agreement presented to an Indiana court. If, as here, an agreement contains several provisions and part only are illegal, the illegal can and will be eliminated "without destroying the symmetry as a whole . . ." and courts will and do enforce the remainder. *Jordan v. Kittle* (1928), 88 Ind. App. 275, 288, 150 N. E. 817.

We therefore find no reversible error and the judgment is affirmed.

Carson, Faulconer, and Prime, J.J., concur.

NOTE.—Reported in 219 N. E. 2d 446.