## WEST v. STATE, EX REL. BENEDICT, PROSECUTING ATTORNEY.

[No. 20,905.    Filed January 31, 1907.]

1.  TAXATION.—*Delinquencies.—Collection.—Remedies.—Statutes.* —The legal remedies referred to in §8571 Burns 1905, Acts 1903, p. 49, §21, for the collection of delinquent taxes, are the existing, appropriate legal remedies for the collection of debts. p. 80.

2.  STATUTES.—*Construction.—Supplementary Proceedings.—Executions.*—The statute (§827 Burns 1901, §815 R. S. 1881) providing for proceedings supplementary to execution, being in derogation of the common law, is strictly construed, and the plaintiff must bring himself strictly within its terms.   p. 80.

3.  EXECUTION.—*Supplementary Proceedings.—Requirements of.* —A proceeding supplementary to execution cannot be maintained under §827 Burns 1905, §815 R. S. 1881, without first procuring a judgment against defendant and a return of an execution thereon showing no property.   p. 81.

4.  JUDGMENT.—*What is.*—A judgment imports the final sentence or decision of a court of law, wherein the rights of the parties therein are judicially determined.   p. 81.

5.  SAME. — *Collateral Attack. — Supplementary Proceedings.* — Defendant, in supplementary proceedings, cannot question the judgment on which such proceedings are founded.   p. 81.

6.  APPEAL.—*Complaint.—Change of Theory.*—The plaintiff will not be permitted, on appeal, to change the theory of his complaint.   p. 81.

From Superior Court of Marion County (71,615); *John L. McMaster*, Judge.

Supplementary proceedings by the State of Indiana, on relation of Charles P. Benedict, as prosecuting attorney, against Henry H. West. From a judgment for plaintiff, defendant appeals. *Reversed.*

*James P. Boyle,* for appellant.

*Charles P. Benedict* and *Morton S. Hawkins,* for appellee.

HADLEY, J.—Acting under §153 of the tax law of 1891 as amended by the act of 1903 (Acts 1903, p. 49, §21, §8571 Burns 1905), the treasurer of Marion county made a special return, in effect, that appellant was delinquent in the payment of his taxes, and that he, the treasurer, had made diligent search in Marion county for property of appellant, and was unable to find any upon which to levy for the payment of such delinquent taxes, and that he had reason to believe that appellant had money, effects or other property in his possession, or on deposit, that should be subjected to the payment of such taxes, and made known such facts to the prosecuting attorney. Whereupon the relator commenced this action under §827 Burns 1901, §815 R. S. 1881, as a proceeding supplemental to execution. The complaint avers that after the third Monday in April, 1905, the treasurer of Marion county caused a list of delinquent taxpayers of said county to be made, with the amount due from each, which list was certified by the auditor to be correct, and upon which list appeared the name of appellant, and $8.04, the amount of taxes, interest and costs due from him; that the treasurer called upon the appellant and made demand for payment of said delinquent taxes, which was refused; that appellant was a resident of, and domiciled in, Marion county for the years for which said taxes accrued, and has continued to be such resident; that the treasurer made special return of the demand, refusal, search for, and failure to find any property in Marion county upon which to levy, and made known to the re-

lator that he believed that appellant has money, effects or other property in his possession, or on deposit, that can be reached by some remedy known to the law, for the payment of such delinquent taxes. Prayer for an order requiring the defendant to appear forthwith before the court to answer as to any property he may have in Marion county subject to levy and sale for delinquent taxes, and to turn over to the treasurer of the county any property so found, for sale, etc. The complaint was verified. Upon this complaint the court made an order that the defendant be summoned to appear forthwith and answer as to his property. The defendant appeared by counsel and moved the court to strike out the application or complaint. The motion was overruled, and then he filed his demurrer to the complaint for insufficiency of facts, among other reasons. The demurrer was overruled. The cause was then submitted upon an agreed statement of facts, which shows that defendant owes delinquent taxes, according to the duplicate, amounting to $8.04, principal, interest and costs; that he is a resident of Marion county, and was such during the years such taxes accrued; that defendant has in Marion county household goods and other effects of less value than $100, and these he has concealed from levy for such delinquent taxes. Upon the agreed facts the court ordered the defendant to turn over to the treasurer his household goods and effects for sale, to pay such taxes and costs and a docket fee of $10 for the prosecuting attorney. From this order and judgment the defendant appeals.

Among other errors assigned is that the court erred in overruling the demurrer to the complaint. Section 8571, supra, provides that after the first Monday in May the county treasurer shall cause a list to be made of all who owe delinquent taxes, with the amount due from each, which list, when certified as correct by the county auditor, shall have the force and effect of an execution, and the treasurer shall make demand of each delinquent for pay-

ment or for property, and upon receiving neither he shall make a special return as to each of such delinquents that he had made diligent search in the county for personal property, and was unable to find any upon which to levy for the taxes due, "which return shall be *prima facie* evidence of the facts therein recited; and the treasurer shall, if he have reason to believe that such delinquent have money, effects, or other property in his possession or on deposit that can be reached by any remedy known to the law, make known such facts to the prosecuting attorney, who shall cause such proceedings to be brought as will secure the payment of such delinquency, and for his services in so doing shall receive ten per cent of such money so collected and a docket fee of $10 to be taxed as costs in said action and paid out of the moneys so collected."

The remedies referred to in the above statute, that may be pursued by the prosecuting attorney, are the existing and appropriate remedies. In this case, therefore, 1. we are only called upon to decide whether, under the facts disclosed, the prosecuting attorney is entitled to proceed against appellant under §827, *supra*, as an aid to execution.

A proceeding supplementary to execution being a summary proceeding created by statute, and in derogation of the common law, must be strictly construed. "A statutory remedy or proceeding," says a celebrated 2. author, "is confined to the very case provided for and extends to no other. It cannot be enlarged by construction; nor made available or valid except on the statutory conditions, that is, by strictly following the directions of the act." 1 Lewis's Sutherland, Stat. Constr. (2d ed.), §565; *Board, etc., v. Jarnecke* (1905), 164 Ind. 658, 664; *Hamilton v. Jones* (1890), 125 Ind. 176, 178; *Chicago, etc., R. Co. v. Glover* (1902), 159 Ind. 166. Nothing can be supplied by construction or intendment, and to sustain this action we must find that the remedy provided by §827,

*supra,* supplementary to execution, may be extended to the collection of delinquent taxes upon the return by the treasurer of no property found, in perfect accord and without violating any of the legal principles, or the terms or conditions on which the right of the proceeding, under said action, rests.

And here we encounter an insurmountable difficulty. Before a party may proceed under §827, *supra,* he must have a judgment, an execution against the property 3. of the defendant issued to the sheriff of the county, and a return of such execution by the sheriff unsatisfied.

A judgment implies the final sentence or decision reached by a court of competent jurisdiction in the due course of legal proceedings, wherein the rights of the parties 4. have been judicially settled, and is conclusive and incontestible against all parties, except on appeal, or when directly attacked as provided by statute. In harmony with this principle a defendant in a supplementary proceeding will not be permitted to assail the judg- 5. ment, and may answer only as to his property. As to the debt, he has had his day. *Carpenter* v. *Vanscoten* (1863), 20 Ind. 50. Appellee insists that the proceeding provided for by §827, *supra,* in aid of execution, is a substitute for the old remedy by creditor's bill, and embraces within its provisions the right to exercise and employ all the equitable rules and principles incident to the old remedy.

If the act supplementary to execution is a substitute for the creditor's bill, as contended, upon which question we intimate no opinion, then it becomes clear that the 6. appellee must bring its action within the terms of the substitute. Under §827, *supra,* nothing is taken by inference or intendment, as we have seen, and, as there appears no judgment or returned execution as a basis for the action, it cannot be sustained. The manifest theory of

the complaint is that it was a proceeding under §827, *supra,* and that theory cannot be shifted in this court. The court erred in overruling the demurrer.

Judgment reversed, and cause remanded, with instructions to sustain the demurrer to the complaint.