DOROTHY MURRAY, SPECIAL ADMINISTRATRIX OF ESTATE OF WILLIAM TREVITHICK *v.* GLADYS LICHLYTER ET UX.

[No. 1072S147. December 14, 1972.]

*John Ready O'Connor,* of Madison, for plaintiff.
*William Edward Jenner,* of Madison, for defendants.

PRENTICE, J.—This matter is before us upon the Trial Rule 53.1(B) Notice of the Clerk of the Jefferson Circuit Court for withdrawal of submission from the special judge before whom said cause is pending and appointment of a special judge, pursuant to praecipe by the defendants. Plaintiff has filed a verified motion and a brief in opposition to such withdrawal and appointment, to which the defendant has responded by brief and affidavit. We will not generally entertain such procedures, inasmuch as it is our intention that Trial Rules 53.1 and 53.2 shall operate summarily to expedite litigation, however, we believe the circumstances of this case warrant this opinion, in order that the bench and bar may better understand the application of these rules.

The proceedings below were as follows:

9-19-72   Defendants' Motion to Correct Errors filed.

10- 4-72   Plaintiff's Motion to Correct Errors filed.

10-20-72   Defendants' Trial Rule 53.1 Praecipe filed.

10-20-72   Clerk's Notice pursuant to the aforesaid praecipe filed with the Clerk of this Court, disclosing only the filing of the 9-19-72 motion, the praecipe and that no action had been taken by the trial judge upon said motion.

11- 1-72   Clerk's additional notice filed with the Clerk of this Court, disclosing the filing of the 10-4-72 motion.

It is Plaintiff's contention that her motion of 10-4-72 extended the time within which the trial judge could rule upon the defendants' motion of 9-19-72, so that the thirty days permitted would commence not upon 9-19-72 but upon 10-4-72. We do not agree. We have previously declared our insistence upon strict application of Trial Rules 53.1 and 53.2 *Lies* v. *Ortho Pharmaceutical Corporation, et al.*, 259 Ind. 192, 284 N. E. 792, 32 Ind. Dec. 131, and we again direct attention to the propriety of an agreement by the parties, under Trial Rule 53.1(A) (3), to an extension of time in appropriate cases and to the alternative of the trial judge, under Trial Rule 53.1(A) (4), when counsel is difficult or unavailable.

Plaintiff has further contended that Trial Rule 59(D) extended the time for ruling upon the 9-19-72 motion, implying that such motion was based upon evidence outside the record and that the 10-4-72 motion was a response under Trial Rule 59(D). However, there is nothing in the record before us to indicate that the 9-19-72 motion was based upon evidence outside the record, and Defendants' counsel has declared in his brief that it was not and has supported such statement with his affidavit. If the motion had been so based, it would have been appropriate for the trial judge to note the same, together with any extensions allowed and made under Trial Rule 59(D), upon his bench docket. Failing to do so, there would be nothing to alert the Clerk that a Trial Rule 53.1 notice should not issue, if directed by praecipe upon or after the thirty-first day following the motion to correct errors.

Submission is withdrawn and the special trial judge is removed pursuant to the following order. (H.I.)

## ORDER

The Clerk of the Jefferson Circuit Court, having heretofore filed his notice of withdrawal of submission under Trial Rule

53.1(A) in the above cause, showing that on September 19, 1972 the defendants filed a motion to correct errors and that no ruling had been entered thereon by said court within thirty (30) days from said date as provided by said Rule 53.1(A), and there being no application on behalf of the Honorable Paul J. Tegart, the special judge before whom said motion was so filed, for extending the time of said ruling, the submission of said cause is now withdrawn from the said Honorable Paul J. Tegart, and he is disqualified to determine any of the issues remaining therein, and said cause is hereby transferred to the Honorable Harry S. Paynter.

The Honorable Paul J. Tegart, special judge in said cause, is hereby ordered to file with this Court, his report stating the nature of the matter or matters held under advisement in said cause and the reason or reasons that occasioned such delay and additionally such facts or circumstances which he deems pertinent, all in accordance with Trial Rule 53.1(B). The Clerk of this Court is directed to mail forthwith copies of this order to the Clerk of the Jefferson Circuit Court, the Honorable Paul J. Tegart, regular judge of the Floyd Circuit Court, to the Honorable Harry S. Paynter, 403 E. Court Ave., Jeffersonville, to the plaintiff's attorney John Ready O'Connor, 416 East Main Street, Madison, Indiana 47250, and to Defendants' attorney, William Edward Jenner, 101 K of P Building, 316 Jefferson Street, Madison, Indiana 47250. The Clerk of this Court is further directed to file a copy of this order together with the notice in pursuance of which the same was issued and the response of the said Honorable Paul J. Tegart in a permanent file to be maintained in his name, all pursuant to Trial Rule 53.1(E).

Dated at Indianapolis, Indiana this 14th day of December, 1972.

*N. F. Arterburn*
Chief Justice