RICHARD L. BAKER ET AL. *v.* AMERICAN METAL CLIMAX CORPORATION AND RICHARD C. BOND, JURVIS J. LANDON, GEORGE C. BAKER, AS TRUSTEES OF PENN CENTRAL.

[No. 1173S235. Filed February 12, 1974.]

*Hansford C. Mann, Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for plaintiff.

*Tofaute & Spelman,* of Terre Haute, *Ice, Miller, Donadio & Ryan,* of Indianapolis, for defendants.

PRENTICE, J.—This matter is before us upon the Trial Rule 53.1 Notice of Withdrawal of Submission issued to this Court by the Clerk of the Vigo Circuit Court in the above entitled cause and the verified motion of the Honorable Samuel E. Beecher, Jr., Special Judge, to strike said notice and his brief in support of said motion, all of which have been fully considered.

A Motion to Correct Errors was filed by the defendant on October 19, 1973. As of November 20, 1973, there had been no ruling upon said motion, and the defendant filed a Trial Rule 53.1 praecipe for withdrawal of submission.

There was a supporting affidavit attached to the motion to correct errors concerning matters which were not within the record; and it is the position of the special judge that the thirty day period provided by Trial Rule 53.1 did not commence to run until the time had run for the filing of a counter-affidavit under Trial Rule 59 (D).[1] We do not agree.

---

1. Trial Rule 59

    (D) Motion to correct errors on affidavits—Opposing affidavits, cross-errors and other matters. When a motion to correct errors is based upon evidence outside the record, the cause must be sustained by affidavits showing the truth thereof served with the motion. The opposing party has fifteen [15] days after service of affidavits in which to serve opposing affidavits and fifteen [15] days after service of the motion in which to file cross-errors or in which to assert relevant matters relating to the kind of relief to be granted. The period for filing affidavit may be extended for an additional period not exceeding thirty [30] days for good cause shown or by written stipulation.

The effect of Trial Rule 59 (D) is to preclude the judge from ruling until the party opposing the motion has had an opportunity to file counter-affidavits and request a hearing, if desired. We agree with the special judge that under the circumstances of this case, thirty days from the filing of the motion may not have been a sufficient period to allow for his ruling. Trial Rule 53.1 and 53.2, however, are controlling in determining the time permitted trial judges for ruling. Of necessity, the time limitation of these rules is fixed at an arbitrary number of days. In any given case it may be inadequate, but in most it will suffice. It is for this reason that we have built into these rules provisions for relief when the circumstances warrant. There is no need to resort to inferences that might be drawn from other rules, and we are adamant that the trial courts will expedite their rulings, as a matter of routine, and that delays beyond the time allowed under these rules will be the exception rather than the ordinary. We have previously so held under *Lies* v. *Ortho Pharmaceutical Corp.* (1972), 259 Ind. 192, 284 N. E. 2d 792, 286 N. E. 2d 170, and under *Murray* v. *Lichlyter* (1972), 259 Ind. 550, 290 N. E. 2d 44.

It is the function of a clerk of the trial court to issue the notice of withdrawal. He must operate upon the basis of the objecting party's praecipe and what is disclosed to him by the trial court's record at that date. There was nothing upon the record in this case to indicate to the clerk that the motion was not to be ruled upon within the time prescribed by Trial Rule 53.1. The time might have been extended by agreement of the parties or by order of this Court and so noted by the trial judge, but neither was done.

Submission is withdrawn, the special trial judge is removed and his ruling upon the motion to correct errors is ordered vacated, all pursuant to the following order. (H. I.)

DeBruler, Givan and Hunter, JJ., concur; Arterburn, C.J., dissents.

## ORDER

The Clerk of the Vigo Circuit Court, having heretofore filed his notice of withdrawal of submission under Trial Rule 53.1(A) in the above cause, showing that on October 19, 1973 the defendant filed a motion to correct errors and that no ruling had been entered thereon by said court within thirty days from said date as provided by said Trial Rule 53.1(A), and there being no application on behalf of Samuel E. Beecher, Jr., the Special Judge before whom said motion was so filed, for extending the time of said ruling, the submission of said cause is now withdrawn from the said Honorable Samuel E. Beecher, Jr., and he is disqualified to determine any of the issues remaining therein, and said cause is hereby transferred to the Honorable Francis N. Hamilton, Judge Putnam Circuit Court, Greencastle, Indiana.

The Honorable Samuel E. Beecher, Jr., Special Judge in said cause, is hereby ordered to file with this Court his report stating the nature of the matter or matters held under advisement in said cause and the reason or reasons that occasioned such delay and additionally such facts or circumstances which he deems pertinent, all in accordance with Trial Rule 53.1(B). The Clerk of this Court is directed to mail forthwith copies of this order to the Clerk of the Vigo Circuit Court, the Honorable Samuel E. Beecher, Jr., 18 South 5th Street, Terre Haute, Indiana, to the Honorable Francis N. Hamilton, Judge Putnam Circuit Court, Court House, Greencastle, Indiana, to the plaintiff's attorney, Hansford C. Mann, Mann, Mann, Chaney, Johnson & Hicks, 6th & Ohio Streets, N. W., Terre Haute, Indiana 47807, and to Defendants' attorneys Tofaute & Spelman, 20 South 5th Street, Terre Haute, Indiana 47807 and Ice, Miller, Donadio & Ryan, 111 Monument Circle, 10th Floor, Indianapolis, Indiana 46204.

The Clerk of this Court is further directed to file a copy of this order together with the notice in pursuance of which the same was issued and the response of the said Honorable

Samuel E. Beecher, Jr. in a permanent file to be maintained in his name, all pursuant to Trial Rule 53.1(E).

Dated at Indianapolis, Indiana, this 12th day of February, 1974.

DIXON W. PRENTICE

NOTE.—Reported in 307 N. E. 2d 49.