DELORS L. BAILEY, IRENE BAILEY, SPENCER H. SEAMAN, AND MURIEL E. SEAMAN v. ROBERT BEEKMAN.

[No. 3-776A162. Filed May 24, 1977.]

*David K. Hawk,* of Fort Wayne, *Phyllis Gratz Poff,* of Auburn, *Parrish, Eggers, Larson & Burt,* of Fort Wayne, for appellants.

*Wilson E. Shoup,* of Angola, for appellee.

STATON, P.J.—Delors L. Bailey, Irene Bailey, Spencer H. Seaman, and Muriel E. Seaman bring this interlocutory appeal[1] from an order denying their motion for summary judgment in an action for injunction and damages. Two issues are presented for our determination:

(1) Was the former judgment which vacated an alley set aside by a later order of the trial court which sustained a motion to dismiss for failure to prosecute a motion for a new trial?

(2) Does a former judgment operate res judicata as to the present action?

We find that the trial court should have granted summary judgment, and we reverse.

## I.

### Litigation Chronology

A petition for vacation of an alley in Steuben County was filed on August 3, 1964, by Baileys' and Seamans' predecessors in interest. On September 12, 1968, judgment was rendered vacating the alley. Baileys' and Seamans' predecessors in interest were each granted fee simple title to respective halves of the alley; the court ordered that the respective portions be "hereby attached to and made a part of [the respective adjoining] real estate. . . ." On October 8, 1968, objectors and remonstrators filed a motion for a new trial. On July 7, 1969, the motion for new trial was argued and taken under advisement. On June 30, 1971, the regular judge of the Steuben Circuit Court disqualified himself and advised the parties to agree on the selection of a special judge; the court, on January 9, 1973, named a panel of prospective special judges and ordered the parties to strike. Baileys' and Seamans' predecessors in interest filed a petition asking the regular judge to assume jurisdiction for the purpose of dismissing the motion for a new trial for failure to prosecute the "cause." The court noted the failure of the parties to

---

1. Indiana Appellate Rule 4(B)(5).

strike and, on its own motion, named a special judge; the special judge qualified and assumed jurisdiction on January 29, 1973. On September 21, 1973, the special judge made an order dismissing the cause:

"The Court now orders this cause dismissed pursuant to Trial Rule 41E. Cause dismissed. Costs taxed to plaintiff."

Robert Beekman, who was not one of the remonstrators or objectors in the original action, filed the present action on August 21, 1974. He claimed damages for the wrongful obstruction of the alley, and he also requested injunctive relief. Baileys and Seamans affirmatively defend on the ground that title to the alley was settled in the previous action, and that they are successors in title. Baileys and Seamans filed a motion for summary judgment, in which they argued that no question of material fact exists and that the present action should be barred by res judicata.

On June 3, 1976, the court denied the motion for summary judgment, and entered the following findings and order:

"1. The court now finds that the Steuben Circuit Court entered a Judgment in a cause entitled, In Re: Petition of Loren Knapp, et al, for Vacation of an Alley, in Cause No. 85-2737, in the Steuben Circuit Court, Steuben County, Indiana; said Judgment being entered by said Court on the 12th day of September, 1968, and that thereafter, on October 8, 1968, a Motion for a New Trial was filed by the Objectors and Remonstrators in said Cause of action, which motion for a new trial was never ruled upon by the Steuben Circuit Court.

"2. The court further finds that on January 19, 1973, counsel for the Petitioners filed a Motion to Dismiss said cause pursuant to TR. 41, Secs. (B) and (E), and that thereafter, on September 21, 1973, a Special Judge presiding in the Steuben Circuit Court entered the following Order, to-wit: The Court now Orders this cause dismissed, pursuant to TR. 41 (E). Cause dismissed. Costs taxed to Plaintiff [sic]

"3. The Court further finds that said dismissal was entered by the Special Judge selected to preside in said cause in the Steuben Circuit Court and was dismissed under TR. 41 (E) on a motion made by counsel for the Petitioners

and that said dismissal had the effect of dismissing the cause of action while the Judgment previously entered was held in abeyance, because of the pendency of the motion for new trial timely filed.

"4. The Court further finds that there are genuine issues as to material facts and that the Motion for Summary Judgment should be denied.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Motion for Summary Judgment of the Defendants be, and the same is, now denied."

This interlocutory appeal was brought by Baileys and Seamans after the denial of summary judgment. The trial court made an order on July 2, 1976, and that order contained the following pertinent finding:

". . . 5. That it is agreed by all parties hereto that had the Court not found that the order of September 21, 1973, by a Special Judge of the Steuben Circuit Court in Cause No. 85-2737 'had the effect of dismissing the cause of action while the Judgment previously entered was held in abeyance because of the pendency of the Motion For A New Trial timely filed,' the Defendants' motion for summary judgment would have been granted and the present cause would be disposed of thereby and other potential litigation would also be avoided thereby. . . ."

## II.

### Finality of a Judgment

Indiana Trial Rule 41 (E) provides that

". . . [W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. . . ."

Initially, we note that TR. 41 (E) was not the proper procedural vehicle to have been used by Baileys' and Seamans' predecessors in interest. A judgment had been rendered in their favor; the trial court had, however, delayed in ruling upon the motion for a new trial. Baileys' and Seamans'

predecessors in interest should have filed a praecipe with the clerk of the trial court for the purpose of withdrawing submission and procuring appointment of a special judge pursuant to TR. 53.1 (B).[2]

However, we will not sacrifice substance for form. We must look not only to the nomenclature and form of a motion, but also to its intended effect. *Phillips* v. *Gammon* (1919), 188 Ind. 497, 124 N.E. 699. Even if Baileys' and Seamans' predecessors in interest had filed a motion to strike the motion for a new trial, they would have been incorrect, for no question is presented for decision by a motion to strike another motion. *Wabash Ry. Co.* v. *City of Gary* (1921), 191 Ind. 394, 132 N.E. 737. But, the Indiana Supreme Court has held that when such a motion to strike is entertained and sustained by the trial court, it is equivalent to overruling the motion against which it is directed. *Western Machine Works* v. *Edwards Machine & Tool Corp.* (1945), 223 Ind. 655, 63 N.E.2d 535; *Long* v. *Ruch* (1897), 148 Ind. 74, 47 N.E. 156; *Bonfoy* v. *Goar* (1894), 140 Ind. 292, 39 N.E. 56. Similarly, it is clear from the record that the intent of Baileys' and Seamans' predecessors in interest in filing their TR. 41(E) motion was to produce a ruling on the motion for a new trial. We hold that the action of the trial court in granting the TR. 41(E) motion and the order which read "cause dismissed" can only refer to the motion for a new trial. The effect of the granting of the TR. 41(E) motion was to overrule the motion for a new trial.

This interpretation of the events of this case is necessary not only because of the logical sequence demonstrated in the record, but also because a judgment, once rendered, is *final;* and the trial judge could not "dismiss" the "cause," even had that been his intent. There was no allegation, nor do we perceive after examining the record,

2. *See generally Baker* v. *American Metal Climax Corporation* (1974), 261 Ind. 500, 307 N.E.2d 49; *State ex rel. Indiana Suburban Sewers, Inc.* v. *Hanson* (1973), 260 Ind. 477, 296 N.E.2d 660.

that the judgment was *void on its face;* therefore, Beekman may not collaterally attack it. *See Brindle* v. *Anglin* (1973), 156 Ind. App. 219, 295 N.E.2d 860. Even had the judgment been *voidable,* and we do not believe that it was, a voidable judgment is binding on the parties until it is set aside in some proper proceeding instituted for that purpose. *Palmerton* v. *Hoop* (1891), 131 Ind. 23, 30 N.E. 874. We will not assume that the Baileys' and Seamans' predecessors in interest filed a TR. 41(E) motion for the purpose of having the judgment, which had been rendered in their favor, voided.

The motion for a new trial did not affect the finality of the original judgment, because for all purposes other than the right of appeal, the judgment is final as soon as it is entered. *Whinery* v. *Kozacik* (1939), 216 Ind. 136, 22 N.E.2d 829. There was no appeal from the original judgment. The order issued in response to the TR. 41(E) motion, "cause dismissed pursuant to TR. 41(E)," was equivalent to the overruling of the motion for a new trial and had no effect upon the previously entered valid final judgment.

### III.

### Res Judicata

A judgment implies that the rights of the parties have been judicially settled and that a decision upon those rights has been made by a court of competent jurisdiction. *West* v. *State* (1907), 168 Ind. 77, 79 N.E. 361. A judgment is conclusive and binding, not only on parties to the action in which it was rendered, but also on persons who are in privity with them with respect to the subject matter of the litigation. *Hammond Pure Ice & Coal Co.* v. *Heitman* (1943), 221 Ind. 352, 47 N.E.2d 309. A "privy" is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment, through or under one of the parties by inheritance,

succession, or purchase. *Tobin* v. *McClellan* (1947), 225 Ind. 335, 73 N.E.2d 679. Baileys and Seamans were successors in interest to the real estate to which the vacated alley was attached by the first judgment. Beekman did not participate in the action which resulted in the vacation of the alley; his present suit amounts to an attempt to collaterally attack that valid judgment. Beekman's suit is barred by the doctrine of res judicata.

## IV.

### Summary Judgment

Summary judgment is proper when there is no genuine issue as to any material fact and when the moving party is entitled to a judgment as a matter of law. Indiana Trial Rule 56 (C). The parties to this action agreed that had the trial court not found that the order relating to the TR. 41(E) motion "had the effect of dismissing the cause of action while the Judgment previously entered was held in abeyance because of the pendency of the Motion For A New Trial timely filed," the Baileys' and Seamans' motion for summary judgment would have been granted and the present cause would be disposed of thereby. Having found that the order "dismissing the cause" served to overrule the motion for a new trial and that the first judgment was final when entered, we conclude that the court erred in denying the motion for summary judgment.

We reverse.

Hoffman, J., concurs.

Garrard, J., concurs in result.

NOTE.—Reported at 362 N.E.2d 1171.