Michael L. STAPINSKI, Appellant
(Plaintiff below),

v.

WALSH CONSTRUCTION CO., INC.,
Appellee (Defendant below).

No. 1079S285.

Supreme Court of Indiana.

Oct. 16, 1979.

Saul I. Ruman, Hammond, for appellant.

Richard R. McDowell, Cadick, Burns, Duck & Peterson, Indianapolis, for appellee.

HUNTER, Justice.

This case is before this Court on the petition to transfer of defendant-appellee, Walsh Construction Co., Inc. Appellee Walsh prevailed at trial when the trial court granted Walsh's motion for summary judgment. Plaintiff-appellant, Michael L. Stapinski, appealed the trial court's order to the Court of Appeals, Third District, and that Court reversed. *Stapinski v. Walsh Construction Co., Inc.*, (1978) Ind.App., 383 N.E.2d 473. We grant transfer and vacate the opinion of the Court of Appeals.

The issue before us is whether the trial court erred in granting Walsh's motion for summary judgment.

The following are the facts giving rise to this dispute as gleaned from Judge Staton's majority opinion and Judge Hoffman's dissenting opinion:

"On September 5, 1972, Michael Stapinski sustained serious personal injuries while driving his automobile. Stapinski was injured when a portion of the front drive shaft of a 1964 Ford truck broke loose and flew through the windshield of his car. At the time of the accident, the truck was owned and operated by Security Fence Co., Inc. ('Security'). Security had purchased the truck some fifteen months earlier from Walsh Construction Company ('Walsh'). Walsh had pur-

chased the truck new from a dealer in 1964." 383 N.E.2d at 474.

"The vehicle was one of several identical trucks purchased by Walsh and used solely to haul workmen and materials on the construction site of the Burns Harbor project. The vehicle was never licensed for regular use on public highways. Security is a specialty contractor engaged in the installation of chain link fencings and steel rolling doors. Frank Bolin, president of Security, had previously worked as a foreman for Walsh on the Burns Harbor site and knew how the trucks were utilized. Sometime after completion of the Burns Harbor project, while the trucks were parked in Walsh's equipment yard, Bolin stopped to inquire if Walsh had any trucks for sale. The reply was that Walsh would be willing to sell any of the 1964 trucks previously mentioned. Bolin was told that he could have his choice of those trucks for $600 and was given an opportunity to inspect the trucks at that time so as to make a selection. Bolin looked at the trucks and later sent two of Security's employees to examine the trucks and make a final selection. These employees observed that all of the trucks were old and used. They selected a truck with four-wheel drive and then were allowed to replace the tires with some from one of the remaining trucks. The salesman at Walsh was not present during this inspection and made no representations as to the condition of the truck, nor did Security inform Walsh of its intended use of the vehicle. The sale was completed 'AS IS, WHERE IS.'

"Security later picked up the truck and thereafter had the vehicle licensed for use on the public highways, safety inspected, and began using it to haul supplies and equipment to job locations. At this time Security had four other trucks and tried to maintain the vehicles such that each was lubricated and had the oil changed every month. Alan Tucker was the employee responsible for maintenance on the 1964 Ford truck. The first time that he was lubricating the truck Tucker noticed that the front one of four identical grease fittings on the universal joints was missing. He assumed that the one universal joint was self-contained and did not need to be greased.

"For purposes of the summary judgment motion the parties agreed that the front universal joint was missing a grease cap, and that failure to grease the joint caused the front drive shaft to break and injure appellant." 383 N.E.2d at 478–9.

In granting summary judgment the trial court issued the following order:

" 'Court now finds:

" 'That Walsh Construction sold the truck in question to Security Fence as is with no warranties for a little over $600;

" 'That Security Fence inspected and examined said truck prior to purchase. The truck had been used for several years by Walsh Construction on their private property and had not been licensed;

" 'That Security Fence had the truck licensed and inspected and used it on the public highways in this state;

" 'That approximately 15 months after the sale from Walsh to Security Fence, an accident occurred with the truck which was attributable to the lack of lubrication to one of the universal joints. Lack of lubrication was attributable to a grease fitting;

" 'That prior to the accident Security Fence knew the grease fitting was missing;

" 'No steps were taken by Security Fence to replace it;

" 'That Security Fence used the truck on the highway knowing the fitting was missing;

" 'Court finds that the law is with the Defendant, Walsh Construction Company, and against the Plaintiff, Michael L. Stapinski.

" 'IT IS THEREFORE, ORDERED that Judgment be entered in favor of the Defendant, Walsh Construction and against Plaintiff Stapinski.

" 'ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED by the Court this 19th day of September, 1975.' " 383 N.E.2d at 474–5.

We hold that the Court of Appeals erroneously decided a new question of law when it held that a non-dealer seller and former owner-operator of a used motor vehicle can be liable for personal injury to a bystander under the facts of this case. Furthermore, the Court of Appeals erroneously applied the Restatement (Second) of Torts § 388 (1965) to the facts in the case at bar.

> Summary judgment shall be rendered: "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. R. Tr. P. 56(C).

Both Judge Staton and Judge Hoffman correctly state the applicable procedure in determining whether a genuine issue of fact exists. That is, the facts as set forth by the party opposing the motion must be taken as true and all doubts are to be resolved against the party seeking summary judgment. *Stapinski v. Walsh Construction Co., Inc., supra; Hayes v. Second National Bank of Richmond,* (1978) Ind.App., 375 N.E.2d 647; *Union State Bank v. Williams,* (1976) Ind.App., 348 N.E.2d 683. We are cognizant of the fact that issues of negligence are not ordinarily susceptible of summary adjudication. *Verplank v. Commercial Bank of Crown Point,* (1969) 145 Ind.App. 324, 251 N.E.2d 52. However, the disposition of this case involves only a question of law: whether Walsh Construction Co., Inc. owed a duty to Michael Stapinski under the undisputed facts of this case.

We find persuasive here the reasoning of the Ohio Supreme Court in *Thrash v. U-Drive-It Co.,* (1953) 158 Ohio St. 465, 110 N.E.2d 419. That case was relied upon by the United States Court of Appeals, Seventh Circuit, in interpreting Indiana law in *Ikerd v. Lapworth,* (7th Cir. 1970) 435 F.2d 197. In the *Thrash* case a truck rental agency, U-Drive-It, sold a vehicle, which it had used in its business for a number of years, to the Spot Motor Company. The truck was sold to the plaintiff's father. An accident occurred in which the plaintiff was injured. The accident was caused by the presence of an ill-fitting lock ring on one wheel. Plaintiff sued U-Drive-It, charging that the rental agency was negligent in equipping the truck with the wrong lock ring. Judgment on the pleadings was granted in U-Drive-It's favor and the Ohio Supreme Court affirmed.

The Ohio Court held that the plaintiff had to show the existence of a duty in order to establish actionable negligence. The defendant successfully invoked the rule that:

> "where there intervenes between an agency creating a hazard and an injury resulting from such hazard another conscious and responsible agency which could and should have eliminated the hazard, the original agency is relieved from liability." *Thrash v. U-Drive-It,* 158 Ohio St. 465, 471, 110 N.E.2d 419, 422.

The Court specifically held that:

> "where the owner of a used motor vehicle sells the same 'as is' to a dealer in those articles for such disposition as the dealer may make of it, such owner may not ordinarily be held liable for injuries occasioned to one who purchased the vehicle from the dealer or for injuries to another, because of faults or imperfections in the vehicle which existed or occurred during the time it was in the possession of such owner." 158 Ohio St. at 473, 110 N.E.2d at 423.

We do not have a dealer in used cars as an intervening agency in the case at bar. Nevertheless, we adopt the above law as applicable to the facts in this case. An agent for Security Fence inquired as to whether Walsh Construction had any trucks for sale. Security was allowed to inspect all of Walsh's available trucks. Walsh had no representative present at these inspections and expressly disclaimed any warranty of condition, completing the sale "as is." Furthermore, Walsh had never used the truck on public highways and Security was aware of this fact. Security maintained the vehicle for fifteen months prior to the injury to Michael L. Stapinski.

■ We neither accept nor reject, as a general proposition, the adoption, as the law of Indiana, of the Restatement (Second) of Torts § 388 (1965) by the Court of Appeals. *Stapinski v. Walsh Construction Co., Inc.,* (1978) Ind.App., 383 N.E.2d 473, 476. We simply hold that where a nondealer owner sells a motor vehicle to another "as is," the former owner cannot be held liable for personal injury to a bystander.

To hold otherwise would unduly burden Walsh Construction and those similarly situated. Judge Hoffman points out that Walsh was in no position to insure against injury as occurred in this case.

■ Plaintiff Stapinski argues that two statutes imposed a duty on Walsh in this case. We do not agree. Ind. Code § 9-4-1-126 (Burns 1973) prohibits the operation of an unsafe motor vehicle by those who "drive or move" on a public highway. The undisputed facts show that Walsh did not operate the vehicle on the road. Ind. Code § 9-8-6-2(a) (Burns 1973) provides that it is a misdemeanor for the owner of a motor vehicle to "drive or move" or to "cause or knowingly permit to be driven or moved on any highway" an unsafe vehicle. Ind. Code § 9-4-1-11(d) (Burns 1973) defines "owner" as "[a] person who holds the legal title of a vehicle . . . ." Walsh Construction Co., Inc. did not hold legal title to the vehicle at the time the accident occurred.

For the foregoing reasons the judgment of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.