**Robert LAW, Appellant (Plaintiff Below),**

v.

**YUKON DELTA, INC., William Mills and Frances Mills, Appellees (Defendants Below).**

No. 3–882A204.

Court of Appeals of Indiana, Third District.

Jan. 17, 1984.

Rehearing Denied Feb. 22, 1984.

**2.** *See also, ABC, et al. v. McShane, et al.,* (1976) 170 Ind.App. 586, 354 N.E.2d 259 for additional authority in support of this position.

George W. Biddlecome, Elkhart, for appellant.

Vincent P. Campiti, Robert J. Palmer, May, Oberfell, Helling, Lorber & Campiti, South Bend, for appellees.

HOFFMAN, Presiding Judge.

Appellant Robert Law was making a service call at Yukon Delta, Inc., when he slipped and fell on the premises injuring himself. Law brought an action against Yukon Delta claiming negligent mainte-nance of the business premises. Yukon Delta submitted a motion for summary judgment which was granted by the trial court. Law appeals.

On appeal Law raises three issues which have been consolidated for review:

(1) whether the trial court incorrectly based its decision to grant summary judgment for Yukon Delta on the "open and obvious" rule as discussed in *Bemis Co., Inc. v. Rubush*, (1981) Ind., 427 N.E.2d 1058; and

(2) whether the trial court erred in granting Yukon Delta's motion for summary judgment.

Summary judgment is properly granted only in those causes of action where there exists no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Middlekamp v. Hanewich*, (1977) 173 Ind.App. 571, 364 N.E.2d 1024; *Bailey et al. v. Beekman*, (1977) 173 Ind.App. 154, 362 N.E.2d 1171. The movant has the burden of proving his right to have summary judgment granted in his favor. *McKenna v. City of Fort Wayne*, (1981) Ind.App., 429 N.E.2d 662; *Wallace v. Indiana Ins. Co.*, (1981) Ind.App., 428 N.E.2d 1361. When determining whether to grant a motion for summary judgment or when reviewing a grant of summary judgment, the facts are viewed in a light most favorable to the opponent of the motion and all doubt is resolved in his favor. *F.W. Means & Co. v. Carstens*, (1981) Ind.App., 428 N.E.2d 251; *Carrell v. Ellingwood*, (1981) Ind.App., 423 N.E.2d 630. When reviewing the grant of a summary judgment, this Court must determine that no genuine issue of material fact exists and the law was correctly applied by the trial court. If both factors are met, the trial court's grant of summary judgment shall be upheld. *Enderle v. Sharman*, (1981) Ind.App., 422 N.E.2d 686.

Appellant first attacks the trial court's grant of summary judgment on the ground it misapplied the law. It is appellant's contention that the trial court erroneously relied upon the decision of the Su-

preme Court in *Bemis Co., Inc. v. Rubush, supra*, Ind., 427 N.E.2d 1058, in applying the "open and obvious danger" doctrine to the case at bar. Appellant argues the doctrine of "open and obvious danger" is applicable only in products liability actions based upon a theory of strict liability. However, *Bemis* provides some illuminating support for the contrary conclusion.

In *Bemis*, Justice Pivarnik, writing for the majority, stated:

"The open and obvious rule finds support in Indiana cases and cases decided in federal courts applying Indiana law in diversity. The rule may be stated generally as follows: In the area of products liability, based upon *negligence* or based upon strict liability under § 402A of the Restatement (Second) of Torts, to impress liability upon manufacturers, the defect must be hidden and not normally observable, constituting a latent danger in the use of the product." (Emphasis added.) 427 N.E.2d at 1061.

Thus, consistent expansion of the principle as stated by Justice Pivarnik would entail application of the "open and obvious danger" rule in *all* negligence actions not merely those involving claims based upon products liability. The expansion of the rule in this manner is consistent for two reasons.

First, all negligence actions involve the same closed set of prima facie elements as a basis of recovery whether they sound in products liability or otherwise. Further, the "open and obvious danger" rule is a consistent and logical factor to consider when determining whether a person has acted in an ordinary and reasonable fashion. A person that engages in activity with the knowledge that he is exposing himself to an open and obvious danger can hardly be regarded reasonable or prudent. Therefore, the trial court did not err in relying on this rule as a ground for granting Yukon Delta's motion for summary judgment.

Next, appellant argues the trial court erred in granting Yukon Delta's motion for summary judgment because there existed material issues of fact. It is appellant's contention that the evidence before the trial court gave rise to conflicting inferences, thus barring the grant of summary judgment. Intertwined with this argument is appellant's ancillary contention that the trial court erred in concluding that he was contributorily negligent and assumed the risk of slipping and falling.

One need look no further than appellant's own deposition to find ample evidence which rebuts this argument. In his deposition Law admits he was aware that the floor was wet and assumed that it was slippery because it was constructed of concrete. After walking a short distance Law was certain the floor was slippery.

The area in which the incident occurred contained numerous work benches and many boat shells in various stages of completion. The area was well lit and Law had no difficulty seeing where he was walking. Yukon Delta employees were working in the area.

Law asked no one for assistance in charting a safe route through this obstacle course. Instead, Law forged ahead and decided to proceed cautiously only upon belatedly determining that he was in a precarious position. Law could have attempted to take a drier, safer course or could have asked an employee for aid in navigating a safer route, but failed to do so.

Law claims to have been surprised to find himself standing in a puddle of water. However, he admits he knew the floor was wet and slippery. He further stated there were boat shells stacked all over the area requiring him to watch where he walked. If Law was in fact carefully watching where he walked, he should not have been surprised to find his path taking him through a puddle on a floor he knew to be wet. If Law was truly surprised to find himself standing in a puddle of water, then he was not watching where he was walking, as he should have been while traversing this obstacle course. Law's conduct hardly exemplifies that of an ordinary, reasonable, and cautious man under the circumstances.

Summary judgment is rarely a proper method of disposition in actions based upon claims of negligence. *Stapinski v. Walsh Const. Co., Inc.*, (1979) 272 Ind. 6, 395 N.E.2d 1251; *Bassett v. Glock*, (1977) 174 Ind.App. 439, 368 N.E.2d 18. However, where the facts are undisputed and support only one conclusion, that being, the claimant was contributorily negligent, then such a finding may be entered as a matter of law. *Pontious v. Littleton*, (1970) 146 Ind.App. 369, 255 N.E.2d 684. As there are no degrees of negligence recognized in Indiana, once a claimant is found to be contributorily negligent, his right of recovery is cut off. *Huey v. Milligan*, (1961) 242 Ind. 93, 175 N.E.2d 698.

Knowledge and appreciation of peril are essential elements of contributory negligence. *Rouch v. Bisig*, (1970) 147 Ind. App. 142, 258 N.E.2d 883. Likewise, the doctrine of assumed risk may defeat a claimant's action where he voluntarily undertakes a risk of which he has knowledge. *Petroski v. NIPSCO*, (1976) 171 Ind.App. 14, 354 N.E.2d 736.

In the case at bar the facts as supplied by appellant's deposition are undisputed. Law was aware of the "open and obvious danger" of the slippery wet floor immediately upon entering Yukon Delta's premises. Nonetheless, Law proceeded ahead without attempting to avail himself of any precautionary measures. Thus, the facts clearly indicate Law was contributorily negligent and assumed the risk. Inasmuch as the undisputed facts support a defense which defeats Law's claim, the trial court's grant of summary judgment was proper. For these reasons the decision of the trial court is affirmed.

Affirmed.

YOUNG, J., participating by designation, concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The majority, both in recital and application, ignores a vital part of the summary judgment review standard. First, the majority neglected to recite that part of the standard which requires the reversal of a summary judgment where more than one inference can be drawn from the facts. *Hale v. Peabody Coal Co.* (1976), 168 Ind.App. 336, 339, 343 N.E.2d 316, 320. Second, the majority improperly considered the facts most favorable to Yukon, the moving party. *Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181, 1184. Third, the majority unnecessarily authorized the extension of the products liability open and obvious danger test to common law negligence.

The majority opinion claims to have relied upon Law's deposition to find that Law knew that the plant floor was wet and that it was slippery. It concluded that such knowledge implies a clear appreciation of the danger involved. Had the majority followed the review standard and recited the facts most favorable to Law, it would have been apparent that different inferences may be drawn.

The facts most favorable to Law are as follows: Although Law had been to Yukon's plant many times and was familiar with the layout, the work area through which he had to pass was unusually crowded with boats and work benches. This description could easily give rise to the inference that the work area resembled a labyrinth through which Law found it necessary to walk. Even though Law stated that the lighting was sufficient, the twisting path obscured his view to the extent that he was surprised to find himself standing in water.

The majority concludes that Law's admission that he knew that the floor was slippery warrants summary judgment in Yukon's favor. However, a careful examination of the testimony does not mandate a finding that Law appreciated the peril involved in crossing a wet floor:

"Q. Now, as I understand it, as soon as you got into the building, you indicated that you were aware there was water and puddles and stuff on the floor?

"A. Yes.

"Q. And you were, of course, aware from being there that the floor was kind of a smooth, concrete type floor; is that true?

"A. I guess that would be true.

"Q. I guess you indicated you knew the floor was slippery shortly after you entered the building?

"A. Well, I knew the floor was wet, and I realized that it probably was slippery.

"Q. Well, couldn't you tell walking on it that it was slippery?

"A. Well, yes, I'm sure that it was."

From this testimony, a jury could have inferred that Law did not know that the floor was wet and slippery until he was well into the building. Furthermore, the condition of the floor was not sufficiently established to an absolute certainty that a fall would be inevitable if Law continued on his circuitous route through the building.

The majority suggests that Law should have taken a different, safer route or asked an employee for advice of another route. The testimony does not indicate that a safer route existed or that if one did exist whether Law was aware of it. Law's failure to take another route or ask for help may infer to a jury that he did not appreciate the danger involved in crossing the plant floor. As I read the evidence, different inferences may be drawn from the facts. Therefore, summary judgment was improper.

The majority also unnecessarily dared to extend the products liability open and obvious danger test to the slip and fall situation. Negligence law in Indiana adequately covers this situation without borrowing doctrines from the law developed for products liability. To be liable for negligence in Indiana, the defendant must have failed to exercise his duty of care owed to the plaintiff, resulting in the plaintiff's injury. *Norman v. Turkey Run Community School Corp.* (1980), Ind., 411 N.E.2d 614, 616. As a business invitor, Yukon owed a duty to Law, an invitee, to exercise reasonable care to maintain the plant in a reasonably safe condition unless and until Law had reasonable notice that the premises were not safe. *Kroger Co. v. Haun* (1978), 177 Ind.App. 403, 407, 379 N.E.2d 1004, 1007; *Letson v. Lowmaster* (1976), 168 Ind. App. 159, 162, 341 N.E.2d 785, 787.

If Law had reasonable notice that Yukon was not exercising due care in maintaining dry floors he might be guilty of contributory negligence or incurred risk. As the majority notes, knowledge and appreciation of peril are essential elements of these defenses. In fact, contributory negligence occurs when the plaintiff unreasonably fails to recognize an obvious risk or danger. *Kroger, supra* 379 N.E.2d at 1009. Incurred risk occurs when the plaintiff voluntarily accepts a known risk or danger. *Id.* at 1012. With these defenses and the invitee duty rule, there is no need to extend the open and obvious danger test which is and should remain limited to products liability cases.

Summary judgments are rare in negligence cases where contributory negligence and incurred risk are involved. *Hundt v. La Crosse Grain Co.* (1983), Ind., 446 N.E.2d 327, 328; *Bassett v. Glock* (1977), 174 Ind.App. 439, 442, 368 N.E.2d 18, 20–21. This is particularly true when different inferences may be drawn from the facts before the trial court. The above analysis shows that genuine issues of material fact exist as to: whether Yukon's wet floor was an obvious risk or danger; whether Law acted unreasonably by crossing the floor; and, whether Yukon had superior knowledge of the danger of its floor. Accordingly, I would reverse and remand this case for trial.