Timothy STEVENS and Cheryl Stevens,
Plaintiffs–Appellants,

v.

Carroll L. THOMPSON,
Defendant–Appellee.

No. 77A01–8801–CV–00006.

Court of Appeals of Indiana,
First District.

July 14, 1988.

Robert C. Price, Mary M. Runnells, Price and Runnells, Bloomfield, for plaintiffs-appellants.

Jerdie D. Lewis, Lewis and Lewis, Terre Haute, for defendant-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellants, Timothy Stevens (Stevens) and Cheryl Stevens (Cheryl), appeal the trial court's granting of summary judgment for defendant-appellee, Carroll L. Thompson (Thompson), in their suit for personal injuries.

We reverse.

### STATEMENT OF THE FACTS

The facts most favorable to the non-moving party are as follows. On February 21, 1985, Stevens was employed by Peabody Coal Company (Peabody) at the Hawthorne Mine, located in Sullivan County, Indiana. That on the same date Thompson, an inde-

pendent contractor, was employed by Peabody to dig a trench for a waterline on the mine site. The trench dug by Thompson was not shored and sloped. After Thompson completed the trench, Stevens was directed by Peabody Engineer James S. Campbell (Campbell) to enter the trench to connect the waterline. Stevens entered the trench and was assisting in connecting the waterline when the trench caved in thereby injuring him. Thereafter, Stevens brought this suit alleging in Count I that Thompson's negligence proximately caused his injuries. Cheryl alleged loss of consortium in Count II.

## ISSUE

Because we reverse, we will discuss only that issue which is dispositive. That issue, restated, is:

> Whether the trial court erred in granting summary judgment for Thompson.

## DISCUSSION AND DECISION

Stevens contends that the trial court erred in concluding that Thompson was entitled to judgment as a matter of law. The trial court in its judgment stated in part that Thompson's performance was in accordance with Peabody's plans and specifications. The trial court then concluded in part that as a matter of law Thompson had no duty to perform in any manner other than that specified and required by Peabody. Consequently, the trial court concluded there was no liability on the part of Thompson.

Under Ind. Rules of Procedure, Trial Rule 56, summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions and affidavits filed pursuant to Ind.Rules of Procedure, Trial Rule 5(D), together with any testimony, show that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. *Anderson v. State Farm Mutual Automobile Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170. The moving party has the burden of proving he is entitled to judgment as a matter of law. *Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d

677. The facts are viewed in a light most favorable to the opponent. *Id.* Finally, when reviewing the grant of summary judgment, this court must determine that no genuine issue of material fact exists and that the moving party was entitled to judgment as a matter of law. *Id.*

This court has held that IND. CODE 22–1–1–11 "authorizes regulations imposing upon prime contractors a duty to ensure compliance with safety regulations for the protection of *all* workers on a job site." *Maynard v. Flanagin Brothers, Inc.* (1986), Ind.App., 490 N.E.2d 1147, 1148. Subsection one of that statutory provision states that the commissioner of labor is authorized and directed:

> To investigate and adopt rules under IC 4–22–2 prescribing what safety devices, safeguards, or other means of protection shall be adopted for the prevention of accidents in every employment or place of employment, to determine what suitable devices, safeguards, or other means of protection for the prevention of industrial accidents or occupational diseases shall be adopted or followed in any or all employments or places of employment, and to adopt rules under IC 4–22–2 applicable to either employers or employees, or both, for the prevention of accidents and the prevention of industrial or occupational diseases.

Stevens argues that Thompson's activites on behalf of Peabody were governed by the Construction Industry Safety Code, 610 IAC 5–1–1 to –32, which was promulgated pursuant to IND.CODE 22–1–1–11. The applicable construction industry regulations state in pertinent part as follows:

ADMINISTRATION AND DEFINITIONS.

(A) Purpose—

(1) The intent and purpose of this Code [610 IAC 5–1] is to provide and establish minimum standards flexible enough to cover all phases of construction.

(2) This Code [610 IAC 5–1] or rule shall be administered by the Commissioner of Labor and his duly authorized representatives.

(C) Definitions and Interpretations—

(1) The words 'shall' and 'will' shall be deemed mandatory.

(2) The words 'should' and 'may' shall be deemed advisable.

(3) This code [610 IAC 5–1] shall apply to all persons, firms, or corporations engaged in the general construction industry.

(4) The term general construction industry shall be deemed to include all phases of construction of ... sewers, excavations ...

\* \* \* \* \* \*

(6) The prime contractor of a project shall be deemed as being responsible for compliance with the provisions of this Code. In the event there is more than one prime contractor on a project, each shall be responsible for compliance of this Code [610 IAC 5–1] within the area of his jurisdiction.

\* \* \* \* \* \*

(8) The term 'prime contractor' shall be interpreted as being the person, firm or corporation that is responsible to the awarding unit for direct or indirect completion of all or part of the over-all project.

610 IAC 5–1–1.

(24) Shoring and/or bracing shall be placed in every trench over six feet in depth, regardless of soil type, excepting solid rock, unless banks are sloped.

(25) Shoring and bracing shall be carried down with trench.

\* \* \* \* \* \*

(28) The bracing and shoring of trenches shall be carried along with the excavation and shall not be omitted. Where a backhoe or ditching machine is used, shoring shall be placed as close as possible to the lower end of the boom.

\* \* \* \* \* \*

610 IAC 5–1–13.

■ These regulations impose a duty on a prime contractor, and a violation of such duty gives a right of action to any worker on the job site who suffered any damages thereby. *Maynard, supra.* This is true even where the prime contractor performed the work according to the awarding unit's specifications or that work was accepted by the awarding unit. A private agreement or contract cannot relieve a party of a statutorily imposed obligation. *Hatfield v. LaCharmant Home Owners Assoc., Inc.* (1984), Ind.App., 469 N.E.2d 1218. To hold otherwise would serve to undermine the purpose of the statutory regulation which, in this case, is to insure the safety of construction site workers.

■ Stevens's argument rests on whether Thompson was a prime contractor. Thompson stated in his appellee brief that he was hired by Peabody to dig the trench on its premises according to its specifications. Clearly, Peabody was the awarding unit and Thompson the prime contractor as defined by 610 IAC 5–1–1(8).

■ Stevens's argument then turns on the depth of the trench. Thompson contends that there was no evidence that the trench was over six feet in depth and consequently the construction safety regulations are not applicable. However, Stevens did testify at the hearing on the motion for summary judgment that the trench was seven feet deep. Stevens further testified that the trench was not shored or sloped. This was in opposition to testimony by Campbell that the trench was dug according to Peabody's specifications which called for the trench to be five to six feet deep. Consequently, there is a genuine issue of materal fact as to the trench's depth.

This issue is important because our supreme court has held that in cases alleging violation of safety regulations, proof of a violation creates a rebuttable presumption of negligence. *Thorton v. Pender* (1978), 268 Ind. 540, 377 N.E.2d 613. However, there would still be the issue of whether the violation was the proximate cause of the injury. *Lewis v. Lockard* (1986), Ind. App., 498 N.E.2d 1024. Nevertheless, these would still be questions for a jury. Consequently, the trial court erred in granting summary judgment for Thompson.

For the above reasons, this cause is reversed and remanded to the trial court.

Judgment reversed and remanded.

RATLIFF, C.J., and STATON, J., concur.